1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JESUS TORRES,                              1:19-cv-01692-DAD-GSA-PC

12              Plaintiff,                       **SCREENING ORDER**

13         v.                                    **ORDER DISMISSING COMPLAINT FOR
                                                 FAILURE TO STATE A CLAIM, WITH
14    SUPERIOR COURT OF CALIFORNIA               LEAVE TO AMEND
      COUNTY OF RIVERSIDE, et al.,               (ECF No. 1.)**
15
              Defendants.                        **THIRTY-DAY DEADLINE TO FILE
16                                               FIRST AMENDED COMPLAINT**

17
18
19
20
21
22
23
24
25   **I.      BACKGROUND**

26           Jesus Torres ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action

27   pursuant to 42 U.S.C. § 1983.  On December 3, 2019, Plaintiff filed the Complaint commencing

28   this action.  (ECF No. 1.)

                                                  1

The Complaint named as defendants Riverside County Superior Court, Mr. Miranda, and Riverside County Jail, and Warden Sullivan.  On January 20, 2020, the court severed Plaintiff's claims against defendants Riverside County Superior Court, Mr. Miranda, and Riverside County Jail from this case for lack of venue and transferred those claims to the United States District Court for the Central District of California.  (ECF No. 6.)  As a result, Warden Sullivan is now the sole defendant remaining in this case.

The Complaint is now before the court for screening.  (ECF No. 1.)  28 U.S.C. § 1915A.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions.  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).  Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 444, 555 (2007).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v.

///

U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.     SUMMARY OF COMPLAINT**

Plaintiff is currently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California, in the custody of the California Department of Corrections and Rehabilitation, where the events at issue in the Complaint allegedly occurred.  Plaintiff's sole defendant in this case is Mr. Sullivan (Warden) ("Defendant").

Plaintiff's allegations at issue follow:

 Since I got here, living in a C yard level 3 cell, correctional officers and medical staff treat us like animals, especially after getting access to your case record file.  They yell at you and during random searches, they throw everything, even your property including legal documents and family pictures.  They make you miserable.  That's why so many here are having mental problems and taking medications, as part of their strategy to get more income, in my opinion.  The mail is not confidential for sending legal documents to our families.  We don't feel safe because some correctional officer will point fingers at you because of your charges.  Then inmates will beat you.  Also, when you file a request to access your case records, like Privacy Act information and sentencing reports, they deny the request, and even the counselor will tell you to write to the court.  Access to making copies at the library is limited.  The D yard facility is old – 1934.  Water with lead 15-20%, dorm and kitchen dirty, see and investigate this place.  I am traumatized, deteriorated, with so much pain, and I'm 67 years old in prison with no DNA evidence.  This mass incarceration must stop. So many families were destroyed, children are suffering without their parents.

I am now under the Americans with Disabilities Act (remedial plan) because I fell twice at Riverside County Jail and here at CCI Tehachapi for continuing cruel and unusual punishment. I attached copies to support my claim.  Mostly here are low TABE scores, 99.9% below 4.  That's why they take advantage in giving too much medicine, and they don't care about the side effects that will destroy your kidney or liver.  This is how they treat poor people, by the color of their skin, mostly Spanish, easy targets because they can't understand or even speak English well.

3

Racial discrimination as they do to me. Being separated from my family and loved ones is heartbreaking. Just because somebody points fingers at you, and the court doesn't follow due process or equal protection, but convicted you for hearsay and false allegations because the arresting officer falsified allegations. That's why they passed the SB1421 police misconduct, to get more access, but they can't provide.

Plaintiff seeks relief and to give justice to the poor who were robbed and plundered by the court. As ADA, I really need your help, for I am traumatized, deteriorating, mentally and physically injured for being incarcerated, separated from my family without cause, wrongfully convicted and exonerated by the DNA evidence.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

4

Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   No Personal Participation -- Defendant Sullivan

In the Complaint, Plaintiff fails to allege facts showing that any named defendant personally acted against him.  Plaintiff fails to attribute any personal act to defendant Warden Sullivan.  Plaintiff cannot state a claim against any defendant unless he demonstrates in his allegations that the defendant, identified by name, personally acted or failed to act, violating Plaintiff's rights.  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff shall be granted an opportunity to amend the complaint, to cure this deficiency.  To state a claim against a defendant, Plaintiff must name the defendant and allege facts showing what that individual defendant did or failed to do, causing Plaintiff harm.  Plaintiff has not done so and therefore fails to state any claims in the Complaint.

Plaintiff shall be granted leave to file a First Amended Complaint addressing these issues.  In the following paragraphs, the court shall set forth the legal standards for the claims it appears Plaintiff seeks to bring.  Plaintiff is advised to review the legal standards before deciding which claims to bring in the First Amended Complaint.

///

///

**B.     Equal Protection – Fourteenth Amendment Claim**

The Equal Protection Clause requires the State to treat all similarly situated people equally.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  This does not mean, however, that all prisoners must receive identical treatment and resources.  See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,"'" (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

**C.     Conditions of Confinement – Eighth Amendment Claim**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.  Prison officials have a duty to ensure that

6

prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer, 511 U.S. at 834.  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson, 217 F.3d at 731.  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson, 217 F.3d at 731.  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

### D.    Mail Protections

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee

correspondence to maintain order and security.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).  The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014) ("Nordstrom I"); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

Prison officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); Witherow, 52 F.3d at 265–66 (upholding inspection of outgoing mail). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney.  See Nordstrom I, 762 F.3d at 909.  The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  However, an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation.  See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

In criminal cases, such correspondence is also protected by the Sixth Amendment. See Mangiaracina, 849 F.3d at 1196 (and cases cited therein). "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II") (citing Wolff, 418 U.S. at 577. "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials

from reading the mail in the first place." <u>Nordstrom I</u>, 762 F.3d at 910 (citing <u>Wolff</u> at 577); <u>Mangiaracina</u>, 849 F.3d at 1196 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation).

### E.   Americans with Disabilities Act (ADA) Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, <u>United States v. Georgia</u>, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" <u>Pennsylvania Dept. of Corrs. v. Yeskey</u>, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." <u>Armstrong v. Schwarzenegger</u>, 622 F.3d 1058, 1068 (9th Cir. 2010); <u>see also</u> <u>Pierce</u>, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility—and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities,

or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee, 250 F.3d at 691 ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  Id. at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at 1140.

### F.   Request for Relief

In his Request for Relief in the Complaint, Plaintiff has not requested anything the court can provide if Plaintiff prevails in his case.  A Complaint without a valid Request for Relief is deficient.  Plaintiff is advised to include a valid Request for Relief at the end of his First Amended Complaint, requesting monetary damages, injunctive relief, or other relief Plaintiff wishes the court to provide him.

## V.   CONCLUSION

Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims against any named defendant for violating his constitutional or other federal rights.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Therefore, Plaintiff shall be granted leave to amend the complaint. The court will provide Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies identified above.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

///

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that deprived Plaintiff of his constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). The amended complaint must allege in specific terms how each named defendant is involved and must include factual allegations setting forth what the defendant did, such as how he acted, what he said, and what harm was done to Plaintiff.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after December 3, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Complaint, filed on December 3, 2019, is dismissed for failure to state a claim upon which relief may be granted, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;

4.      Plaintiff shall caption the amended complaint "First Amended Complaint" and

refer to the case number 1:19-cv-01692-DAD-GSA-PC; and

5.    Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   __**January 28, 2021**__                    _____**/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

12