UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TORRES,<br><br>       Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE, et al.,<br><br>       Defendants. | **1:19-cv-01692-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.       BACKGROUND**

   Jesus Torres ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 3, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On January 21, 2020, the court severed Plaintiff's claims against defendants Riverside County Superior Court, Mr. Miranda, and Riverside County Jail from this case for lack of venue and transferred those claims to the United States District Court for the

1

Central District of California, leaving defendant Sullivan (Warden, California Correctional Institution) as the sole defendant in this case. (ECF No. 6.)

On January 28, 2021, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 8.) On February 25, 2021, Plaintiff filed the First Amended Complaint. (ECF No. 9.) On March 1, 2021, the court issued an order striking the First Amended Complaint for lack of Plaintiff's signature, with leave to file a Second Amended Complaint bearing Plaintiff's signature. (ECF No. 11.) On March 25, 2021, Plaintiff filed the Second Amended Complaint which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 12.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 444, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.     SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at California Men's Colony-West, in San Luis Obispo, California, in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Mr. Miranda (Investigator, Riverside County), Alex Perez (Lawyer, Riverside County), Gary Polk (District Attorney, Superior Court of California, County of Riverside), Melissa More (District Attorney, Superior Court of California, County of Riverside), and Mac Fisher (Judge, Superior Court of California, County of Riverside) ("Defendants").

Plaintiff's allegations follow:

Defendant Miranda, investigator for Riverside County, falsified allegations and gave a false report to the prosecutors. See the case summary and the date of the offense violation of all charges dated September 1, 2010, which are all the same and the same person, one day under ten years and the same day under 14 – that's impossible.

Defendant Alex Perez, attorney, Riverside County, never objected or had an internal investigation of all the allegations or saw if due process was implemented or referred to the Grand Jury to hear the government's evidence against a person who is suspected of a crime and determine whether there was sufficient evidence to bring that person to trial. The charges of a serious violent crime need DNA evidence. They will also question the date of offense – September 1, 2010 – same date under 10 and under 14 with the same person, with no strong evidence like a DNA expert's report.

The prosecutor never had the Grand Jury or submitted government evidence for indictment or had a formal accusation of a felony issued by a Grand Jury after considering evidence presented by the prosecutor.

Defendant Honorable Judger Mac Fisher allowed the jury trial without due process. There was no cross-examination at all.

When Plaintiff requested his Privacy Act information in 2018 until he was transferred from CCI to CMC in 2019, Mr. Rosender [not a defendant], Counselor II, always denied Plaintiff's request and pointed fingers at the Sacramento CDCR Main Office. This was not only with Plaintiff, but with everyone else requesting their Privacy Act information at CCI Tehachapi. At CMC when Plaintiff submitted his claim, he was approved, but until now there has been no action on a sentencing recall. The court, the District Attorney's Office, and CDCR violated Plaintiff's constitutional rights by not following criminal procedure. There is no submitting report of Plaintiff's legal document record for retention of his central file, and CDCR cannot provide Plaintiff's request for access to his legal documents. Again, due process was not implemented, and Plaintiff continues to receive punishment in prison without having his Privacy Act information, which is his right of access to the court. Plaintiff was also found positive of Covid-19 and is still at risk for his age, 67 years old. Plaintiff attached copies to support his claims that the allegations of habitual offender, prior sex offender, and prior prison, and a conviction of 3rd striker was unprecedented and never occurred. These are the results of mass incarceration and as Governor Newsom said, destroyed lives and wasted billions of dollars.

Plaintiff requests an order releasing him and clearing his name of false charges of prior offenses that never occurred, and general damages.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles,

///

4

697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Venue

The federal venue statute requires that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391.

It appears that all of Plaintiff's claims in the Second Amended Complaint arose from events occurring in Riverside County, California, which is located in the United States District Court for the Central District of California. This court lacks venue over these claims and

therefore, they should all be dismissed from this case for failure to state a claim, without leave to amend. If Plaintiff wishes to pursue these claims he should bring a case in the Central District of California.[1]

**V.     CONCLUSION AND RECOMMENDATIONS**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Second Amended Complaint against any of the Defendants for violating his constitutional or other federal rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983.

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Here, the court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

---

[1] On January 21, 2020, Plaintiff's claims against defendants Riverside County Superior Court, Mr. Miranda, and Riverside County Jail were severed from this case for lack of venue and transferred to the United States District Court for the Central District of California, to proceed as a separate civil action in that district. Plaintiff may not now bring additional claims in this case that should have been brought in the Central District.

**fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 24, 2021**                              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE